IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00298-PSF-MEH

SHELLEY DAVIS,

    Plaintiff,

v.

SWIFT TRANSPORTATION CORP., *et al.*,

    Defendants.

---

**ORDER ON MOTION TO AMEND SCHEDULING ORDER
TO PERMIT FED. R. CIV. P. 26(a)(2) DESIGNATION OF TREATING DOCTORS**

---

## I. INTRODUCTION

Before the Court is an oral motion to amend the scheduling order to extend the expert disclosure deadline to permit Plaintiff to designate her treating physicians under Fed. R. Civ. P. 26(a)(2). This motion was made orally in open court during a status conference in this case on September 21, 2006. The Court took the motion under advisement. For the following reasons, the Court **denies** the motion.

## II. FACTS

Plaintiff worked at a thrift store, the Dollar Tree in Aurora, Colorado. She alleges that on February 6, 2004, a Swift Transportation (Swift) truck driven by Jeff Jensen was unloading merchandise at the store. Plaintiff was assisting in unloading the merchandise. The driver was in the truck, putting boxes of merchandise onto a roller system, which by gravity took the boxes to Plaintiff and on into the store. Plaintiff alleges that she asked the driver to slow down in putting boxes on the

roller system, but he did not. Plaintiff alleges that the boxes came too quickly and, in attempting to keep them on the roller system, she injured herself.

The Court held a settlement conference in this case on July 12, 2006. At that conference, the Defendant could not acknowledge that a Swift truck was at the Dollar Tree store on February 6, 2004, nor that Swift ever even employed a Jeff Jensen. However, Jeff Jensen was served with a summons in this case on July 13, 2006, in rural Utah. Swift has acknowledged that this particular Jeff Jensen did drive for them, and Swift's counsel is now representing Jensen (and filed an answer in this case on his behalf on August 17, 2006). Plaintiff conducted no written discovery during the discovery period. Additionally, the original deadline for designating experts in this case was July 15, 2006. Plaintiff did not designate any experts, nor did Defendant. After the August 31, 2006 general discovery deadline, Swift produced recently discovered documents to Plaintiff indicating that Jensen may have been in Colorado on February 6, 2004, but was definitely not at the Family Dollar store in Aurora.

The case did not settle at the conference held on July 12, 2006. The Court set a continuing settlement conference for September 21, 2006. At the parties' request made just prior to September 21st, the settlement conference was converted to a status conference. At the status conference, Plaintiff requested and the Court granted additional discovery, as follows: Plaintiff may submit 25 interrogatories and requests for production to Swift and Jensen (as noted above, Plaintiff has not previously submitted written discovery in this case). The discovery to Jensen may be on any relevant topic. The discovery to Swift (which may not exceed 10 interrogatories and/or requests for production) is limited to inquiries reasonably related to the documents which were recently produced to the Plaintiff. Finally, the Court permitted a deposition of Jensen and a Rule 30(b)(6) deposition

of Swift (on the topic of the recent production of the records). No other discovery was permitted, and the parties were to complete this discovery by October 31, 2006.

At the end of the status conference, Defendant's counsel raised the issue of the designation of experts, requesting that the deadline not be extended because the designation of experts, which was more than two months past, was related neither to the recent discovery of Jensen nor the recent production of records. Plaintiff's counsel objected, stating that Plaintiff wanted to designate treating physicians as experts under Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702. Plaintiff wants these treating physicians to be able to testify about their opinion that (1) Plaintiff's actions concerning the boxes on the roller system caused physical injury, and (2) she may have lingering health issues. Defendant objects on the basis that the time for designating experts was more than two months ago, and Plaintiff's counsel could show no cause why he could not have designated the treating physicians within the original deadline. Defendant further argues that the limited re-opening of discovery should not permit belated expert designations. Defendant would not object to the treating physicians testifying concerning their course of treatment.

Plaintiff's counsel offers no reason why the treating physicians were not designated within the deadline, other than his own dilatoriness. However, he argues that there would be no prejudice to the Defendants, because there is no trial date in this case, and the Defendants could conduct sufficient discovery. Defendant argues that it will be prejudiced by the late designation, but it does not identify any specific prejudice other than the failure to comply with deadlines and the accompanying interest in honoring such deadlines. Plaintiff argues that a "rote application" of the rule concerning timeliness would severely prejudice Plaintiff's case.

### III. ANALYSIS

Pursuant to Fed. R. Civ. P 16(b), "[a] schedule shall not be modified except upon a showing of good cause . . . ." The decision to modify the Scheduling Order rests within the sound discretion of the trial court. *Sedillos v. Board of Educ. of Sch. Dist. No. 1*, No. 03-01526, 2005 U.S. Dist. LEXIS 36816 (D. Colo. Aug. 29, 2005). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.*

Nevertheless, while the scheduling order guides the subsequent course of the case, "'total inflexibility is undesirable.'" *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations omitted). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence, or excusable neglect. *Id.* However, "[i]n the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend," *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005), "'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citations omitted).

Here, the Court has searched for some "cause" justifying the requested extension. The Court has found none. Plaintiff has shown no diligence in attempting to meet the deadline. In fact, Plaintiff has never initiated a request for the Court to extend the deadline for designating experts. It was only after Defendant's counsel raised the issue that Plaintiff's counsel indicated the desire to have the

deadline extended. The Court will not punish Defendant's counsel for his understandable caution in raising the expert deadline issue, nor will the Court reward Plaintiff's counsel for a failure to consider the timely designation of experts. "A scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). Defendant has not objected to the testimony of the treating physicians as to their course of treatment, however, so this Order should not be interpreted as precluding such testimony.

Accordingly, Plaintiff's oral motion to amend the Scheduling Order to extend the expert disclosure deadline is **denied.**

Dated at Denver, Colorado, this 26th day of September, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge